### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICAH REGIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 20-CV-00646-R |
| vs. | ) Judge David L. Russell |
| | ) |
| ZURICH AMERICAN INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

### ANSWER OF DEFENDANT ZURICH
### AMERICAN INSURANCE COMPANY

**COMES NOW** Zurich American Insurance Company ("**Defendant**" or "**Zurich**")
by and through its counsel of record, and for its Answer to Plaintiff's Complaint, alleges
and states as follows:

1.     Defendant admits the allegation contained in paragraph 1 of Plaintiff's
Complaint.

2.     Defendant admits the allegation contained in paragraph 2 of Plaintiff's
Complaint.

3.     Defendant admits the allegation contained in paragraph 3 of Plaintiff's
Complaint.

4.     Defendant admits the allegation contained in paragraph 4 of Plaintiff's
Complaint.

5.     Defendant admits in part the allegations contained in paragraph 5 of
Plaintiff's complaint, but denies the nature and extent of Plaintiff's alleged damages.

6.     Defendant admits in part the allegation that Mr. White Eagle had liability insurance limits in an amount that is less than the value of Micah Regier's uninsured/underinsured motorist ("**UM**") claim and was therefore operating an uninsured motor vehicle as that term is defined by OKLA. STAT. tit. 36, § 3636 and by the insurance policy issued to Plaintiff's employer, as set forth in the Oklahoma Uninsured Motorist Endorsement. Defendant denies that Plaintiff was a named insured under the policy, but admits that Plaintiff was an additional insured solely due to his occupancy in the vehicle insured by his employer.

7.     Defendant denies the allegations contained in paragraph 7 of Plaintiff's Complaint. Defendant affirmatively asserts that Plaintiff was offered the full amount of the UM benefits Plaintiff was entitled to receive, but Plaintiff refused payment. Further, Defendant has unconditionally paid Plaintiff the undisputed amount of the UM benefits Plaintiff was entitled to receive, which occurred prior to the filing of his Complaint.

8.     Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint. This Defendant did not "attempt to recover back through a claimed right of subrogation the amount of workers compensation insurance benefits" paid to the Plaintiff under a separate workers' compensation ("**WC**") policy issued to Plaintiff's employer from any UM benefits owed to the Plaintiff.

9.     Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint. Defendant conducted a reasonable investigation and evaluated Plaintiff's UM claim and offered the full amount of Defendant's evaluation of Plaintiff's UM claim, but Plaintiff refused payment. Further, Defendant has unconditionally paid Plaintiff the

undisputed amount of Plaintiff's UM claim, which occurred prior to the filing of his Complaint. Accordingly, a legitimate dispute exists as to the amount the UM benefits Plaintiff is entitled to receive.

10.     Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.     Defendant denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.     Defendant denies any allegations contained in Plaintiff's "PRAYER FOR RELIEF".

<u>**AFFIRMATIVE DEFENSES**</u>

1.     Defendant generally and specifically denies all allegations not previously admitted.

2.     Pursuant to its terms and conditions, the policy excludes UM coverage benefits directly or indirectly to a worker's compensation insurer/employer.

3.     Plaintiff's alleged damages and injuries are, in part, the result of pre-existing or post-existing conditions or natural causes.

4.     Defendant conducted a reasonable investigation and evaluated Plaintiff's UM claim and offered to pay the full amount of the UM benefits Plaintiff was entitled to receive, but Plaintiff refused payment. Accordingly, a legitimate dispute exists as to the amount of UM benefits Plaintiff is entitled to receive.

5.    Defendant unconditionally paid the undisputed amount of Plaintiff's UM claim. Accordingly, Defendant is entitled to a credit for the undisputed amount previously paid to the Plaintiff in the amount of $56,218.

6.    Defendant has not attempted a credit or set off against any UM benefits for which Plaintiff received workers compensation benefits.

7.    Defendant denies that Plaintiff has stated a claim for breach of contract upon which relief can be granted.

8.    Defendant denies that Plaintiff has stated a claim upon which relief can be granted for breach of the implied duty to deal fairly and in good faith.

9.    Plaintiff's "bad faith" claim is barred by the applicable two-year statute of limitation. Plaintiff has not commenced this "bad faith" claim for Defendant's alleged failure to deal fairly and in good faith with Plaintiff within the two-year applicable statute of limitations period. In Oklahoma a claim of insurance "bad faith" is two years. *See* OKLA. STAT. tit. 12, § 95 (A) (3); *Blue v. Universal Underwriters Life Ins. Co*., 612 F. Supp. 2d 1201, 1203 (N.D. Okla. 2009); *Lewis v. Farmers Ins. Co., Inc.*, 1983 OK 100, 681 P. 2d 67, 70.   In Plaintiff's State Court action previously filed in Blaine County, Oklahoma and styled as *Micah Regier vs. The Estate of Spencer Ray White Eagle and Zurich American Insurance Co.,* Case No. CJ-2019-34, Plaintiff alleged in his Motion to Amend his Petition that Zurich was aware of his claim for UM benefits "just over a month after the accident, November 8, 2017."  Plaintiff's Motion, at ¶ 4, p. 1.  This is the date that, under Oklahoma law, governs accrual of an insurance "bad faith" claim. *See Sims v. Travelers Ins. Co.*, 2000 OK CIV APP 145, 16 P. 3d 468, 471; *McCoy v.*

*Oklahoma Farm Bureau Mut. Ins. Co.*, 1992 OK 43, 841 P. 2d 568, 572 (recognizing that a claim for "bad faith" is assessed from the time the insured requested the insurer perform its contractual obligation). Therefore, Plaintiff's previous attempt to amend his Petition to include a "bad faith" claim in the State Court (Plaintiff dismissed the State Court action to avoid Judge Allison Lafferty ruling on his motion to amend), as well as this Complaint filed in Federal Court, is untimely and is well over the two-year limitation period to commence an action for bad faith.

10.    The issues presented and parties involved in this matter center around UM coverage/benefits Defendant provided in an Auto Policy to Plaintiff's employer and not WC coverage Defendant provided to Plaintiff's employer in a separate policy of insurance. By coincidence, Defendant issued separate policies to Plaintiff's employer. This is not always the case, as sometimes one insurer insures the Defendant employer's automobiles and another insurer insures the employer for the employer's WC liability. In adjusting Plaintiff's UM claim, Defendant never sought a set off, credit or any reduction whatsoever in the amount of its evaluation of Plaintiffs UM claim or in any UM settlement offer made to the Plaintiff. Plaintiff's attorney attempted to make the same argument in the previously referenced state court action that the employer and/or the employer's insurer that pays WC benefits is statutorily entitled to subrogation rights as to the employer's UM coverage. Because Zurich happens to provide both coverages under separate policies, Plaintiff argues that Zurich is wrongfully attempting subrogation rights against the employer's UM coverage for WC benefits it paid as the employer's insurer. The employer pays the premiums for the WC coverage and the employer pays the

premiums for the UM coverage. Plaintiff does not pay a premium for the employer's UM coverage for which Plaintiff is seeking recovery. Plaintiff is only entitled to UM coverage because he was occupying a vehicle insured by his employer at the time of the collision. Employers and their insurers have always had a lien and have been able to subrogate for the WC benefits paid to an injured employee against the negligent party OKLA. STAT. tit. 85 § 44, which was repealed in 2014, and replaced by OKLA. STAT. tit. 85A, § 43(B)(1) & (4), which specifically allows an employer and the employer's insurer subrogation rights as to the employer's uninsured motorist coverage:

> "Section 43 - Compensation Insurance - Liability – Subrogation" …
> "B. Subrogation.
> 1. An employer or carrier liable for compensation under this act for the injury or death of an employee shall have the right to maintain an action in tort against any third party responsible for the injury or death. However, the employer or the carrier shall notify the claimant in writing that the claimant has the right to hire a private attorney to pursue any benefits to which the claimant is entitled in addition to the subrogation interest against any third party responsible for the injury or death.
> …
> 4. An employer or carrier who is liable for compensation under this act on account of injury or death of an employee shall be entitled to maintain a third-party action against the employer's uninsured motorist coverage or underinsured motorist coverage."

Plaintiff's WC claim was a separate administrative proceeding before the Workers Compensation Commission and Court of Existing Claims, and the WC subrogation claim of the employer/insurer for Plaintiff was handled by a third-party administrator and a separate attorney, not by any Zurich employee evaluating and settling Plaintiff's UM claim.

11.     Plaintiff's claim for punitive damages is barred by the prohibition against excessive fines contained in Article 2 § 9 of the Oklahoma Constitution, the equal protection requirements of the Oklahoma Constitution, and the due process requirements of Article 2, § 7 of the Oklahoma Constitution. Plaintiff's claim for punitive damages is further barred by:  (a) the Due Process Clause of the Fourteenth Amendment to the United States Constitution; (b) the proscription of the Eighth Amendment to the United States Constitution as applied to the States through the Fourteenth Amendment prohibiting the imposition of excessive fines; and (c) the Double Jeopardy clause of the Fifth Amendment to the United States Constitution as applied to the States through the Fourteenth Amendment. Plaintiff's claim for punitive damages violates the applicable provisions of the Oklahoma and United States Constitutions. Any award for punitive damages is subject to the limitations stated in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

12.     Discovery has not yet commenced and Defendant reserves the right to amend its Affirmative Defenses upon completion of discovery.

**WHEREFORE**, Defendant, Zurich American Insurance Company, having fully answered, prays that Plaintiff's Complaint be dismissed and that Defendant be awarded its costs and attorney fees, and for such other and further relief as this Court deems proper.

Respectfully Submitted,

**WILBURN, MASTERSON & HAMPTON**

By *Michael J. Masterson*
    **MICHAEL J. MASTERSON, OBA# 5769**
    **AMY E. HAMPTON, OBA# 20235**
    2421 E. Skelly Dr.
    Tulsa, OK  74105-6006
    (918) 494-0414
    FAX: (918) 493-3455
    E-Mail:
    mike.masterson@wilburnmasterson.com
    amy.hampton@wilburnmasterson.com
    *Attorney for Defendant Zurich American*
    *Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 20, 2020, the foregoing document was filed electronically through this Court's ECF System and that it will be sent electronically to the following, who are registered participants in, and who will receive service via this Court's ECF System:

Kelly A. George
James A. Scimeca
Deeann L. Germany
Burch, George & Germany
1500 City Place Bldg.
204 N. Robinson
Oklahoma City, OK  73102
*Attorneys for Micah Regier*

Jerrod S. Geiger
Pierce Couch Hendrickson Baysinger & Green, L.L.P. (OKC)
1109 North Francis
Oklahoma City, OK 73106
*Attorney for Consolidated OWS Management*

*s/Michael J. Masterson*
**MICHAEL J. MASTERSON**

MJM/mjm