THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICAH REGIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-20-646-R |
| | ) | |
| ZURICH AMERICAN INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is a Motion to Intervene (Doc. No. 7) filed by Consolidated OWS Management, Inc. ("Consolidated"). Plaintiff responded in opposition to the motion (Doc. No. 10) and OWS filed a reply in support of its request. (Doc. No. 11). Upon consideration of the submissions, the Court finds as follows.

Plaintiff filed this action alleging that he suffered injuries in a September 28, 2017 motor vehicle accident caused by the negligence of Spencer Ray White Eagle, deceased. Plaintiff contends that at the time of the accident he was insured by a policy issued by Defendant Zurich to his employer Consolidated, for injuries caused by the negligence of an uninsured or underinsured motorist, and that Mr. White Eagle was such a motorist. Plaintiff was working in the scope of his employment for Consolidated at the time of the accident and received workers' compensation benefits, also from Zurich. Plaintiff alleges that Zurich American Insurance Company, as UM/UIM carrier for Consolidated is wrongfully attempting to recover, through subrogation, the workers' compensation

benefits it paid from the uninsured/underinsured benefits he is due. Plaintiff further asserts that the failure by Zurich to pay the uninsured/underinsured benefits is a breach of the duty of good faith.

Consolidated, Plaintiff's employer, seeks to intervene, asserting that intervention is necessary to protect its subrogation interest. In support of its motion, Consolidated relies on Okla. Stat tit. 85A § 43(b)(4), which provides:

> An employer or carrier who is liable for compensation under this act on account of injury or death of an employee shall be entitled to maintain a third-party action against the employer's uninsured motorist coverage or underinsured motorist coverage.

Plaintiff Regier objects to Consolidated's attempt at intervention, arguing that because Consolidated's worker's compensation carrier, Zurich, paid his compensation claim, Consolidated cannot intervene.

Federal Rule of Civil Procedure 24 governs intervention.

On timely motion, the court must permit anyone to intervene who:

> (1) is given an unconditional right to intervene by a federal statute; or
> 
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Consolidated does not contend it has been granted an unconditional right to intervene by federal statute. Thus, intervention by Consolidated is mandated under Rule 24(a)(2) if it can demonstrate: (1) the timeliness of the application; (2) an interest related to the property or transaction which is the subject of the action; (3) the possibility of impairment or

impediment of that interest if intervention is not allowed; and (4) inadequate representation of that interest by existing parties. W. *Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017). Consolidated did not address these factors in its motion; it argues only that its subrogation interest, as set forth in § 43, will be impaired if it is not permitted to intervene. Plaintiff asserts that because Consolidated did not actually pay workers' compensation benefits, it lacks an interest relating to the transaction that is the subject of this action.[1]

As noted, Consolidated relies on Okla. Stat. tit. 85A § 43(b)(4), which permits an employer to maintain a third-party action against its own UM/UIM carrier, as a basis for intervention. The Court, however, agrees with Plaintiff's interpretation that § 43(b)(4) preserves subrogation for the party that paid the underlying workers' compensation claim. Indeed, Section 43(b) of Title 85A is specifically entitled "Subrogation." What Consolidated is attempting here, however, does not fit within the parameters of subrogation. As stated by the court in *U.S. Fid. & Guar. Co. v. Federated Rural Elec. Ins. Co.*, 37 P.3d 828, 831 (Okla. 2001), "a claim based on equitable subrogation allows an insurer who has paid coverage to stand in the shoes of the insured and pursue recovery from a third party primarily responsible for the insured's loss which the insurer both insured and reimbursed." Black's Law Dictionary defines "subrogation" as "the substitution of one party for another whose debt the party pays, entitling the paying party to rights, remedies, or securities that would otherwise belong to the debtor" and as "[t]he principle under which an insurer that has paid a loss under an insurance policy is entitled to all the rights and

---

[1] The Court finds the motion to intervene is timely, having been filed within two months of initiation of this action and prior to the Court conducting a status and scheduling conference.

remedies belonging to the insured against a third party with respect to any loss covered by the policy." *Subrogation, Black's Law Dictionary* (11th ed. 2019). There is no allegation in the proposed Complaint in Intervention that Consolidated paid any money such that it has a subrogation interest, that is, an interest in the UM policy at issue herein, despite Zurich having issued the UM/UIM policy to Consolidated.

Accordingly, the lack of any allegation in the proposed Complaint in Intervention by Consolidated that it paid benefits to or is liable to Plaintiff for such benefits, would render the issue of subrogation a nullity. Consolidated relies on the definition of employer set forth in § 2(19) as a basis for arguing that the Court should consider it and Zurich—as workers' compensation carrier—one entity. Section 2(19) defines "employer" as:

> [A] natural person, partnership, association, limited liability company, corporation . . . employing a person included within the term "employee" as defined in this section. Employer may also mean the employer's workers' compensation insurance carrier, if applicable.

As set forth above, however, § 43(b)(4) specifically references "[a]n employer or carrier" and therefore, the Court cannot read § 43(b)(4) as referring to the carrier as the employer, under § 2(19), because to do so would render the term "carrier" in § 43(b)(4) superfluous, which the Court may not do.

To the extent Plaintiff argues that Defendant Zurich can adequately represent Consolidated's interests, the Court disagrees that Consolidated would be aligned with Zurich for purposes of asserting a subrogation interest. Rather, Consolidated's interests are aligned with Plaintiff's interests to the extent Consolidated seeks recovery from Zurich as UM/UIM carrier. Regardless, the Court finds that Consolidated lacks an interest related to

the property or action at issue herein, and therefore is not entitled to intervene as a matter of right under Rule 24(a).

The Court declines permissive intervention under Rule 24(b)(1)(B), because Consolidated does not have "a claim or defense that shares with the main action a common question of law or fact." In light of the absence of allegations of a financial interest in the outcome of this litigation by Plaintiff's employer, Consolidated, the Court declines Consolidated's request.

Having concluded that Consolidated should not be permitted to intervene, the Court advises the parties to the litigation that the issue of whether Zurich, in its capacity as workers' compensation carrier, is entitled to offset of any award in this ligation to avoid double recovery by the Plaintiff, shall be addressed at the appropriate time.

The Motion to Intervene filed by Consolidated (Doc. No. 7) is hereby DENIED.

**IT IS SO ORDERED** this 26th day of October 2020.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE